## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: **1:15-cv-05326** |
| SHAHAB B. TAJ; HAAZO | ) | |
| MANAGEMENT, INC., a Wisconsin | ) | JURY TRIAL DEMANDED |
| corporation; and HAAZO | ) | |
| MANAGEMENT, INC., an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, THOMAS PRATT (hereinafter referred to as "Plaintiff" or "Mr. Pratt"), by and through his attorneys, JOHNSON LAW, LLC, and complains against the Defendants, SHAHAB B. TAJ, HAAZO MANAGEMENT, INC., a Wisconsin corporation, and HAAZO MANAGEMENT, INC., an Illinois corporation (hereinafter collectively referred to as "Defendants"), as follows:

## THE PARTIES

1. Plaintiff, THOMAS PRATT, is an individual domiciled in the state of Indiana.

2. Defendant, SHAHAB B. TAJ (hereinafter referred to as "Taj"), is an individual domiciled in the state of Wisconsin, where he is the President of HAAZO MANAGEMENT, INC., a Wisconsin corporation, and HAAZO MANAGEMENT, INC., an Illinois corporation.

3. Defendant, HAAZO MANAGEMENT, INC. (hereinafter referred to as "Haazo Wisconsin"), is a Wisconsin corporation with its principal place of business located at 317 Mill Street, Clinton, Wisconsin 53525.

4. Defendant, HAAZO MANAGEMENT, INC. (hereinafter referred to as "Haazo Illinois"), is an Illinois corporation and, upon information and belief, its principal place of business is located at 1300 East South Street, Freeport, Illinois 61032, under the assumed name "Elizabeth Inn Freeport."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties and the amount in controversy in this action is in excess of Seventy-five Thousand and 00/100 Dollars ($75,000.00).

6. Venue here is proper pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

7. Beginning in February 2013, Mr. Pratt entered into a partnership (hereinafter referred to as the "Partnership") with Defendants to purchase, renovate, and improve the management of various hotels in the Midwest region. Mr. Pratt frequently communicated and dealt with Taj, who, upon information and belief, is the President of both Haazo Wisconsin and Haazo Illinois.

8. Throughout the course of the events that form the basis of this Complaint, Mr. Pratt remained in constant contact solely and uniquely with Taj about the Partnership.

9. During this time, Taj made it unequivocally clear to Mr. Pratt that the two (2) individuals, together, composed a Partnership and, as such, were co-owners of said Partnership.

10. Since Taj is the President of both Haazo Wisconsin and Haazo Illinois, it remains unclear to Mr. Pratt whether the Partnership was formed between (a) Mr. Pratt and Taj, individually; (b) Mr. Pratt and Haazo Wisconsin; (c) Mr. Pratt and Haazo Illinois; or (d) Mr. Pratt and the Defendants, collectively.

11. Notwithstanding the confusion regarding how Taj represented his interest in the Partnership, the goals of the Partnership were very clear: to sell a hotel for profit or finance the Partnership's next project.

12. Pursuant to the Partnership, Mr. Pratt and Defendants purchased the Elizabeth Inn, a small hotel located in Plover, Wisconsin.

13. Mr. Pratt and the Defendants shared an understanding that Defendants would provide cash for the down payment for the financing of this purchase and Mr. Pratt would, in turn, provide renovation and management services.

14. In furtherance of the Partnership, Mr. Pratt and Defendants agreed to an equal division of the profits from the Elizabeth Inn project, allotting fifty-percent (50%) to Mr. Pratt and fifty-percent (50%) to Defendants.

15. For approximately nine (9) months, Mr. Pratt performed hands-on renovations of the Elizabeth Inn. These renovations included, but were not limited to, the guest rooms, kitchen, lobby, and pub. In addition to overseeing the renovations, Mr. Pratt performed daily managerial duties to oversee the operation of the Elizabeth Inn by working directly with the hotel's general managers who, in turn, perceived Mr. Pratt as the co-owner of the Elizabeth Inn along with the Defendants.

16. The hands-on renovations performed by Mr. Pratt at the Elizabeth Inn increased the hotel's value by approximately Five Hundred Thousand and 00/100 Dollars ($500,000.00).

17. Subsequent to the success reaped from the renovation of the Elizabeth Inn, Mr. Pratt and Defendants considered investing in another hotel, the Freeport Plaza Hotel, in Freeport, Illinois.

18. Mr. Pratt then traveled to the Freeport Plaza Hotel to perform an initial assessment of its investment quality.

19. Upon information and belief, in anticipation of this investment opportunity in Illinois, Taj formed Haazo Illinois on November 7, 2013, in an effort to continue the success experienced by the Partnership in Wisconsin.

20. For approximately nine (9) months, Mr. Pratt applied his expertise in hotel management and operation to inform the Partnership that the Freeport Plaza Hotel in Illinois qualified as a strong investment, suitable for the Partnership's next venture. The prospective sellers of the Freeport Plaza Hotel perceived Mr. Pratt and Defendants as partners.

21. Additionally, in their capacity as partners, Mr. Pratt and Defendants executed management contracts for one (1) property in Michigan and one (1) property in Ohio.

22. Both Mr. Pratt and Defendants managed and operated the Michigan and Ohio properties pursuant to the their respective management contracts; the owners of the Michigan and Ohio, in turn, perceived Mr. Pratt and Defendants as partners.

23. Over the course of the Partnership, Defendants continuously excluded Mr. Pratt from the Partnership's accounting and formal agreements.

24. Defendants also consistently communicated to Mr. Pratt that he could not have access to the Partnership's bank accounts or cash flow data.

25. For nine (9) months, Mr. Pratt received no compensation for his services at the Elizabeth Inn in Wisconsin.

26. Mr. Pratt deferred his typical salary of One Hundred and Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses, to start the Partnership with Defendants based upon his reasonable expectation of future returns from both the Elizabeth Inn in Wisconsin and the Freeport Plaza Hotel in Illinois, as well as potential future endeavors in the Partnership.

27. Additionally, Mr. Pratt also deferred his monthly salary from the two (2) Michigan property management contracts, valued at approximately Ten Thousand and 00/100 Dollars ($10,000.00),

because Mr. Pratt and Defendants decided the Partnership should reinvest that money in the Elizabeth Inn.

28. After Mr. Pratt successfully renovated and managed the Elizabeth Inn pursuant to his Partnership duties from February 2013 through November 2013, and sought out the hotel in Freeport, Illinois, Defendants wrongfully excluded Mr. Pratt from the Partnership by failing to compensate him for any of his work and by failing to confer upon him any of the monetary benefits accrued during the Partnership.

29. As a result, Mr. Pratt never saw the return on his investment of renovating, managing and assessing new projects for the Partnership, to which he was entitled.

30. After Mr. Pratt assessed the value of the Freeport Plaza Hotel, Defendants excluded him from the transaction and, as a result, capitalized on the exclusion of their partner.

## COUNT I – WRONGFUL EXCLUSION FROM THE PARTNERSHIP

31. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 30 of this Complaint as if fully stated herein.

32. The association of two (2) or more persons that carry on a business for profit as co-owners forms a partnership, regardless of whether the persons intended to form a partnership. Rev. Uniform Partnership Act § 202 (2013-2014 ed.).

33. The essential test in Illinois for determining whether a partnership exists is the sharing of profits and the question is typically one for the finder of fact. *Fitchie v. Yurko*, 570 N.E.2d 892, 899 (Ill. App. Ct. 1991), citing *Peterson v. Prince*, 430 N.E.2d 297, 300 (Ill. App. Ct. 1981).

34. Written agreements are not necessary to form a partnership and a partnership may exist under a verbal agreement. *Rizzo v. Rizzo*, 120 N.E.2d 546, 551 (Ill. 1954); *Hang v. Hang*, 61 N.E. 1053, 1053 (Ill. 1901); 805 ILCS 206/101.

35. Mr. Pratt and Defendants entered into a Partnership whereby profits and losses from all aspects of the business and operations relating to the purchase, renovation, investment, and management of the properties would be equally shared between Mr. Pratt and the Defendants, fifty-percent (50%) to Mr. Pratt and fifty-percent (50%) to the Defendants.

36. Mr. Pratt fully performed his obligations pursuant to the Partnership.

37. A wrongful exclusion, or "freeze-out," of one partner by a co-partner from participation in the conduct of the business or from the management of the partnership business, is grounds for judicial dissolution. *Heyman v. Heyman*, 210 Ill. 524, 71 N.E. 591 (1904).

38. Defendants wrongfully excluded Mr. Pratt from the Partnership by excluding Mr. Pratt from the Partnership's accounting and formal agreements.

39. Defendants also wrongfully excluded Mr. Pratt from the Partnership by consistently precluding Mr. Pratt from having access to bank accounts or cash flow data in direct relation to the Partnership.

40. Defendants wrongfully excluded Mr. Pratt from the Partnership by failing to compensate him for the work he performed.

41. Defendants also wrongfully excluded Mr. Pratt from the Partnership by failing to confer upon him any of the monetary benefits accrued during the Partnership.

42. Defendants wrongfully excluded Mr. Pratt from the Partnership by independently capitalizing on the Freeport Plaza Hotel transaction in Illinois without including Mr. Pratt in the transaction after Mr. Pratt, incurring his own expertise, informed the Partnership that the transaction was a strong investment.

43. The Defendants' willful exclusion of Mr. Pratt from the Partnership has caused Mr. Pratt to suffer monetary damages in excess of Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00).

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court dissolve his Partnership with Defendants and grant Mr. Pratt damages in an amount to be determined at trial.

## COUNT II – BREACH OF DUTY OF LOYALTY

44. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 43 of this Complaint as if fully stated herein.

45. Defendants owed a duty of loyalty to the Partnership and to Mr. Pratt as a partner in the Partnership.

46. Pursuant to Illinois statute, a partner's duty of loyalty to the partnership and to the individual partners includes accounting to the partnership any profits derived by the partner in the conduct of business, as well as the appropriation of a partnership opportunity. 805 ILCS 206/404.

47. Defendants' duty of loyalty required them, *inter alia*, to fully account for and pay to Mr. Pratt an equal share of the profits generated by the Partnership.

48. Defendants' duty of loyalty required them, *inter alia*, to disclose all information relevant to the interests and business of the Partnership to Mr. Pratt, including the investment into the new business opportunity acquired through the Freeport Plaza Hotel transaction in Illinois.

49. Moreover, where one partner is a senior partner or a managing partner, he has a heightened obligation to deal fairly. *Laurence v. Flashner Med. P'ship*, 565 N.E.2d 146, 152 (Ill. 1990); *see also Rizzo*, 120 N.E.2d at 552.

50. Given the fact that the Defendants provided the cash for the down payment of the purchase of the Elizabeth Inn along with financing for the loan while also maintaining all accounting records, their conduct rises to the status of senior or managing partner.

51. As such, Defendants were under a heightened obligation to deal fairly with Mr. Pratt throughout the course of the Partnership.

52. Since November 2013, Defendants have been in continual breach of their duty of loyalty to Mr. Pratt by failing to account for and pay Mr. Pratt an equal share of the profits generated through the Partnership.

53. As senior or managing partner, Defendants were under a heightened obligation to deal fairly with Mr. Pratt throughout the course of the Partnership.

54. Since November 2013, Defendants have been in continual breach of their duty of loyalty to Mr. Pratt by failing to disclose to Mr. Pratt all relevant information to the interests and business of the Partnership, specifically the purchase of the Freeport Plaza Hotel in Illinois.

55. Defendants' breach of their fiduciary duties to Mr. Pratt has damaged Mr. Pratt in an amount in excess of Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00).

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court grant him damages for Defendants' breach of their duties of loyalty.

## COUNT III – BREACH OF CONTRACT

56. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 55 of this Complaint as if fully stated herein.

57. The Partnership between Mr. Pratt and Defendants, as entered into in February of 2013, formed a valid and binding contract (hereinafter referred to as the "Partnership Agreement"), which governs the respective rights and obligations of both Mr. Pratt and the Defendants.

58. Pursuant to the Partnership Agreement, Mr. Pratt significantly improved the value of the Elizabeth Inn in Wisconsin.

59. Pursuant to the Partnership Agreement, Mr. Pratt performed nine (9) months of consulting for the Freeport Plaza Hotel transaction in Illinois.

60. Pursuant to the Partnership Agreement, Mr. Pratt managed and operated the Michigan and Ohio properties.

61. In total, Mr. Pratt performed Three-Hundred and Eighty Thousand and 00/100 Dollars ($380,000.00) worth of services pursuant to his Partnership Agreement with Defendants.

62. Pursuant to his Partnership Agreement with Defendants, Mr. Pratt agreed to delay receipt of compensation for his services so that Mr. Pratt and Defendants, as partners, could invest the money in future Partnership transactions, such as the Freeport Plaza Hotel transaction in Illinois that Defendants eventually acquired for themselves.

63. Mr. Pratt has not received any payment or reimbursement for said services.

64. As such, Defendants have breached the Partnership Agreement by failing to compensate Mr. Pratt for his completed services and by failing to provide Mr. Pratt with his equal share of the profits.

65. Therefore, Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00) is due and owing to Mr. Pratt from Defendants.

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court grant him damages for Defendants' breach of contract.

## COUNT IV – EQUITABLE ESTOPPEL

66. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 65 of this Complaint as if fully stated herein.

67. To establish equitable estoppel, the plaintiff must show that "(1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her

reliance on the representations if the other person is permitted to deny the truth thereof." *Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 751 N.E.2d 1150, 256 Ill. Dec. 313 (Ill. 2001).

### i. Misrepresentation of the Elizabeth Inn's Profits by Haazo Wisconsin and Taj.

68. Taj and Haazo Wisconsin, by and through its employees, made an unambiguous representation to Mr. Pratt that the profits from the Elizabeth Inn would be equally divided between Mr. Pratt and Haazo Wisconsin or, in the alternative, Mr. Pratt and Taj.

69. The subsequent actions of Taj and Haazo Wisconsin, by and through its employees, demonstrate that they had knowledge at the time of this representation that it was untrue.

70. At the time of the representation, Mr. Pratt did not have knowledge that the representation was untrue.

71. Taj and Haazo Wisconsin expected Mr. Pratt to act upon their representations by investing in the renovations of the Elizabeth Inn.

72. Mr. Pratt, in good faith, reasonably and foreseeably relied upon the representations made by Taj and Haazo Wisconsin.

73. Mr. Pratt's performance of all hands-on renovations of the Elizabeth Inn demonstrates his reliance.

74. Mr. Pratt's performance of daily managerial duties while overseeing the renovations and operations of the Elizabeth Inn demonstrates his reliance.

75. Mr. Pratt increased the Elizabeth Inn's value by Five Hundred Thousand and 00/100 Dollars ($500,000.00).

76. Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) plus bonuses, in reliance on the Partnership with Taj and Haazo Wisconsin.

77. Taj and Haazo Wisconsin intended and reasonably expected that Mr. Pratt would rely upon their promise to their own benefit and to the detriment of Mr. Pratt.

78. Taj and Haazo Wisconsin failed to provide Mr. Pratt with his share of the profits from the Elizabeth Inn.

79. If Taj and Haazo Wisconsin are permitted to retain the profits of the Elizabeth Inn, then Mr. Pratt will be significantly prejudiced.

80. Thus, due to the misrepresentations made by Haazo Wisconsin and Taj to Mr. Pratt, Taj and Haazo Wisconsin should be equitably estopped from denying Mr. Pratt his share of the profits from the Elizabeth Inn.

### ii. Misrepresentation of the Freeport Plaza Hotel's Profits by Haazo Illinois and Taj.

81. Taj and Haazo Illinois, by and through its employees, made an unambiguous representation to Mr. Pratt that their proposed investment in the Freeport Plaza Hotel in Illinois would be made pursuant to the Partnership Agreement and in their capacity as partners.

82. Taj and Haazo Illinois also made an unambiguous representation to Mr. Pratt that the proceeds from the Freeport Plaza Hotel would be divided equally pursuant to the Partnership Agreement, fifty-percent (50%) to Mr. Pratt and fifty-percent (50%) to Taj and Haazo Illinois.

83. The subsequent actions of Taj and Haazo Illinois demonstrate that they had knowledge at the time of this representation that their representation to Mr. Pratt was untrue.

84. At the time of the representation, Mr. Pratt did not know the representation was untrue.

85. Taj and Haazo Illinois expected Mr. Pratt to act upon their representation by investing in the Freeport Plaza Hotel.

86. Mr. Pratt, in good faith, reasonably and foreseeably relied upon the representations made by Taj and Haazo Illinois.

87. Pursuant to Mr. Pratt's reliance on the representations made by Taj and Haazo Illinois, Mr. Pratt utilized his expertise for nine (9) months to determine that the Freeport Plaza Hotel was a strong investment.

88. Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses, in reliance on his Partnership with Taj and Haazo Illinois, as he expected future returns from the Freeport Plaza Hotel.

89. Taj and Haazo Illinois then excluded Mr. Pratt from the Partnership and, in turn, precluded Mr. Pratt from earning a future return on his investment in the Freeport Plaza Hotel.

90. If Taj and Haazo Illinois are permitted to retain the profits of the Freeport Plaza Hotel, then Mr. Pratt will be significantly prejudiced.

91. Therefore, due to Taj's and Haazo Illinois' misrepresentations to Mr. Pratt, Taj and Haazo Illinois should be equitably estopped from denying Mr. Pratt his share of the profits from the Freeport Plaza Hotel.

### iii. Defendants' Misrepresentation of the Michigan and Ohio Property Management Contracts.

92. Defendants, by and through their employees, made an unambiguous representation to Mr. Pratt that both Mr. Pratt and Defendants were assuming management contracts for the properties in Michigan and Ohio in their capacity as partners.

93. The subsequent actions of Defendants demonstrate that they knew at the time of this representation that their representation to Mr. Pratt was untrue.

94. At the time of the representation, Mr. Pratt did not know the representation was untrue.

95. Defendants expected Mr. Pratt to act upon their representation by participating in the management contracts for the properties in Michigan and Ohio.

96. By managing and operating the properties, Mr. Pratt, in good faith, reasonably and foreseeably relied upon the representations made by Defendants regarding the properties in Michigan and Ohio.

97. Defendants then excluded Mr. Pratt from the Partnership and, in turn, excluded Mr. Pratt from his share of the value of the management contracts.

98. If Defendants are permitted to retain the profits from the contracts of the Michigan and Ohio properties, then Mr. Pratt will be significantly prejudiced.

99. Due to Defendants' misrepresentations to Mr. Pratt, Defendants should be equitably estopped from denying Mr. Pratt his share of the value of the management contracts of the Michigan and Ohio properties.

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that the Defendants be equitably estopped from denying Mr. Pratt his share of the profits and investments in the aforementioned properties.

## COUNT V - FRAUD

100. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 99 of his Complaint as if fully stated herein.

101. In order to state a cause of action for common law fraud, "a complaint must allege: (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 607 N.E.2d 165, 180 Ill. Dec. 271 (Ill. 1992).

### i. Defendants' Fraudulent Statements.

102. Throughout the course of the Partnership, Defendants represented to Mr. Pratt that he would receive fifty percent (50%) of the profits of the Elizabeth Inn.

103. Additionally, Defendants represented to Mr. Pratt that the investment in the Freeport Plaza Hotel in Illinois would be made pursuant to the Partnership and Mr. Pratt would, as such, receive fifty percent (50%) of the profits of the Freeport Plaza Hotel in Illinois.

104. Moreover, Defendants represented to Mr. Pratt that the management contracts for the properties in Michigan and Ohio would be managed pursuant to the Partnership and that the profit

from the management contracts would, in turn, be reinvested into the Partnership for future endeavors.

105. In addition to their previous representations, Defendants also represented to Mr. Pratt that he and Defendants would split the profits of any other endeavors pursuant to the Partnership.

106. Each of the above-mentioned representations of Defendants, specifically Paragraphs 102 through 105 inclusive, was false.

107. The subsequent actions of Defendants, along with the exclusion of Mr. Pratt from the Partnership, demonstrate that Defendants, by and through their employees, had knowledge that their representations were false.

108. Moreover, Defendants intended to induce Mr. Pratt to act pursuant to their representations.

109. As stated above, Mr. Pratt acted pursuant to Defendants' representations.

110. Mr. Pratt's actions in reliance upon Defendants' representations have cost him an amount in excess of Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00).

111. As such, Mr. Pratt has been damaged as a result of his reliance on Defendants' representations.

**ii. Taj's Fraudulent Statements.**

112. Throughout the course of the Partnership between Mr. Pratt and Haazo Wisconsin, Taj, acting in his capacity as the President of Haazo Wisconsin, represented to Mr. Pratt that Mr. Pratt would receive fifty-percent (50%) of the profits of the Elizabeth Inn.

113. Additionally, throughout the course of the Partnership between Mr. Pratt and Haazo Illinois, Taj, acting in his capacity as the President of Haazo Illinois, represented to Mr. Pratt that the investment in the Freeport Plaza Hotel would be made pursuant to the Partnership and, in accordance thereof, Mr. Pratt would receive fifty-percent (50%) of the profits from the Free Port Plaza Hotel.

114. Taj represented to Mr. Pratt that the management contracts for the properties in Michigan and Ohio would be assumed by the Partnership and that the profits therefrom would be, in turn, reinvested into the Partnership for future Partnership endeavors.

115. In addition to his previous representations, Taj also represented to Mr. Pratt that Mr. Pratt and Haazo Wisconsin, along with Mr. Pratt and Haazo Illinois, respectively, would split the profits from all future endeavors earned pursuant to the Partnership Agreement.

116. Each of the above-mentioned representations of Taj, specifically Paragraphs 112 through 115 inclusive, was false.

117. The subsequent actions of Taj, specifically the exclusion of Mr. Pratt from the Partnership, demonstrate Taj's knowledge that his representations were false.

118. Moreover, Taj intended to induce Mr. Pratt to act pursuant to his representations.

119. Mr. Pratt acted in reliance upon Taj's representations.

120. Mr. Pratt's actions in reliance upon Taj's representations have cost him an amount in excess of Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00).

121. Therefore, Mr. Pratt has been damaged as a result of his reliance on Taj's representations.

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court grant him damages as a result of the Defendants' fraudulent actions.

## COUNT VI – UNJUST ENRICHMENT

122. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 30 of this Complaint as if fully stated herein.

123. Since Mr. Pratt and Defendants were engaged in a joint venture, Mr. Pratt is entitled to recover under the theory of unjust enrichment.

124. A joint venture is essentially a partnership carried on for a limited time, purpose or for a single enterprise. RUPA § 202 (2013-2014 ed.); *Fitchie*, 570 N.E. 2d at 899.

125. A formal agreement is not necessary to establish a joint venture. *Fitchie*, 570 N.E. 2d at 899.

126. A fiduciary duty exists between joint adventurers; moreover, the same laws that typically govern partners in a partnership govern each adventurer. *Hagerman v. Schulte*, 181 N.E. 677, 681 (Ill. 1932); *Fitchie*, 570 N.E. 2d at 899.

127. As such, each adventurer has a duty to deal with one another with the utmost loyalty and good faith in regard to the venture. *Id.*

128. As a joint adventurer, and in the absence of a written contract, Mr. Pratt is entitled to receive the reasonable value of the benefits he bestowed upon Defendants.

129. A plaintiff may recover under the theory of unjust enrichment if the defendant unjustly retained a benefit to the plaintiff's detriment and the defendant's retention of the benefit violates the fundamental principals of justice, equity and good conscience. *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 692 N.E.2d 798, 229 Ill. Dec. 809 (1st Dist. 1998)

130. It is not necessary for a plaintiff maintaining an action for unjust enrichment to prove a mistake in fact. An action for money had and received is actionable where defendant has received money, which, in equity and good conscience, belongs to the plaintiff. *Patrick T. Maloney v. James Pihera*, 215 Ill. App. 3d 30, 573 N.E.2d 1379, 158 Ill. Dec. 194 (5th Dist. 1991).

**i. Haazo Wisconsin Has Been Unjustly Enriched.**

131. Mr. Pratt and Haazo Wisconsin were engaged in a joint venture in connection with the purchase of the Elizabeth Inn.

132. Mr. Pratt and Haazo Wisconsin entered into an oral agreement regarding the Elizabeth Inn that explicitly defined the purpose of the endeavor.

133. This oral agreement constituted a joint venture.

134. As a joint adventurer, Haazo Wisconsin had a duty to deal with Mr. Pratt with the utmost loyalty and good faith in regard to the venture.

135. Pursuant to their joint venture regarding the purchase of the Elizabeth Inn, Mr. Pratt and Haazo Wisconsin agreed to an equal division of the profits from the Elizabeth Inn.

136. Mr. Pratt performed hands-on renovations for nine (9) months that increased the hotel's value by approximately Five Hundred Thousand and 00/100 Dollars ($500,000.00).

137. During the nine (9) months, Mr. Pratt received no compensation for his services on the Elizabeth Inn.

138. Haazo Wisconsin then excluded Mr. Pratt from the joint venture and, in turn, precluded him from receiving his portion of the profits from the Elizabeth Inn.

139. As such, Haazo Wisconsin retained a benefit to Mr. Pratt's detriment.

140. The retention of this benefit by Haazo Wisconsin violates the fundamental principles of justice, equity and good conscience.

141. By excluding Mr. Pratt from the joint venture, Haazo Wisconsin has received the value of the profits of Mr. Pratt's renovations to the Elizabeth Inn, which in equity and good conscience belong, in an equal amount, to Mr. Pratt.

142. As a result, Haazo Wisconsin has been unjustly enriched.

143. Therefore, Mr. Pratt is entitled to recover damages.

**ii. Haazo Illinois Has Been Unjustly Enriched.**

144. Mr. Pratt and Haazo Illinois were engaged in a joint venture regarding the investment in the Freeport Plaza Hotel in Illinois.

145. Mr. Pratt and Haazo Illinois entered into an oral agreement regarding the Freeport Plaza Hotel that explicitly defined the purpose of the endeavor.

146. For approximately nine (9) months, Mr. Pratt used his expertise in hotel management and operation to determine that the Freeport Plaza Hotel was a strong investment.

147. Mr. Pratt and Haazo Illinois then invested in the Freeport Plaza Hotel.

148. Haazo Illinois subsequently excluded Mr. Pratt from the joint venture.

149. Haazo Illinois, in turn, precluded Mr. Pratt from receiving any return on his investment in the Freeport Plaza Hotel transaction.

150. As such, Haazo Illinois retained a benefit to Mr. Pratt's detriment.

151. The retention of this benefit by Haazo Illinois violates the fundamental principles of justice, equity and good conscience.

152. By excluding Mr. Pratt from the joint venture, Haazo Illinois retained the benefit of Mr. Pratt's expertise in hotel management and operation, which Mr. Pratt utilized in his nine (9) months of research to determine that the Freeport Plaza Hotel was a strong investment.

153. As a result, Haazo Illinois has been unjustly enriched.

154. Given that he was excluded from the joint venture and received no return on his investment, this unjust enrichment was to the detriment of Mr. Pratt, in the amount of One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00).

155. Therefore, Mr. Pratt is entitled to recover damages.

### iii. Defendants Have Been Unjustly Enriched.

156. Mr. Pratt and Defendants were engaged in a joint venture regarding the management contracts for the properties in Michigan and Ohio.

157. By retaining the benefit of Mr. Pratt's management and operation of the Michigan and Ohio properties, Defendants have been unjustly enriched.

158. Mr. Pratt and Defendants entered into an oral agreement regarding the management contracts for the properties in Michigan and Ohio that explicitly defined the purpose of the endeavor.

159. Pursuant to the joint venture, Mr. Pratt contributed to the management and operation of the properties in Michigan and Ohio.

160. Mr. Pratt also deferred his monthly salary, in the amount of approximately Ten Thousand and 00/100 Dollars ($10,000.00), pursuant to his joint venture with Defendants.

161. The Defendants subsequently excluded Mr. Pratt from the joint venture.

162. Defendants precluded Mr. Pratt from receiving any compensation for his management and operation of the properties, which Mr. Pratt performed pursuant to their joint venture in the management contracts.

163. As such, Defendants have retained a benefit to Mr. Pratt's detriment.

164. The retention of this benefit by Defendants violates the fundamental principles of justice, equity and good conscience.

165. By excluding Mr. Pratt from the joint venture, Defendants retained the benefit of Mr. Pratt's contribution to the management and operation of the properties, pursuant to the joint venture.

166. As a result, Defendants have been unjustly enriched.

167. Given that he was excluded from the joint venture, received no compensation for his work, and deferred his salary, this unjust enrichment was to the detriment of Mr. Pratt.

168. Therefore, Mr. Pratt is entitled to recover damages.

**iv. Taj Has Been Unjustly Enriched.**

169. Mr. Pratt and Taj were engaged in a joint venture and, as such, Mr. Pratt is entitled to recover under unjust enrichment.

170. As a joint adventurer, and in the absence of an enforceable contract, Mr. Pratt is entitled to receive the reasonable value of the benefits he bestowed upon Taj.

**a. Taj Has Been Unjustly Enriched in Connection with the Elizabeth Inn.**

171. Mr. Pratt and Taj were engaged in a joint venture regarding the purchase of the Elizabeth Inn.

172. Mr. Pratt and Taj entered into an agreement regarding the Elizabeth Inn that explicitly defined the purpose of the endeavor.

173. This agreement thus constituted a joint venture.

174. As a joint adventurer, Taj had a duty to deal with Mr. Pratt with the utmost loyalty and good faith in regards to the venture.

175. Pursuant to their joint venture regarding the purchase of the Elizabeth Inn, Mr. Pratt and Taj agreed to an equal division of the profits from the Elizabeth Inn.

176. Mr. Pratt performed hands-on renovations for nine (9) months that increased the hotel's value by approximately Five Hundred Thousand and 00/100 Dollars ($500,000.00).

177. During the nine (9) months, Mr. Pratt received no compensation for his services on the Elizabeth Inn.

178. Taj then excluded Mr. Pratt from the joint venture and, as a result, precluded him from receiving his portion of the profits from the Elizabeth Inn.

179. Thus, Taj retained a benefit to Mr. Pratt's detriment.

180. The retention of this benefit by Taj violates the fundamental principles of justice, equity and good conscience.

181. By excluding Mr. Pratt from the joint venture, Taj has received the value of the profits of Mr. Pratt's renovations to the Elizabeth Inn that, in equity and good conscience, belong, in an equal amount, to Mr. Pratt.

182. As a result, Taj has been unjustly enriched.

183. Therefore, Mr. Pratt is entitled to recover damages.

**b. Taj Has Been Unjustly Enriched in Connection with the Freeport Plaza Hotel.**

184. Mr. Pratt and Taj were engaged in a joint venture regarding the investment in the Freeport Plaza Hotel.

185. Mr. Pratt and Taj entered into an agreement regarding the Freeport Plaza Hotel that explicitly defined the purpose of the endeavor.

186. For approximately nine (9) months, Mr. Pratt used his expertise in hotel management and operation to determine that the Freeport Plaza Hotel was a strong investment.

187. Mr. Pratt and Taj then invested in the Freeport Plaza Hotel.

188. Taj subsequently excluded Mr. Pratt from the joint venture.

189. Taj precluded Mr. Pratt from receiving any return on his investment in the Freeport Plaza Hotel transaction.

190. As such, Taj retained a benefit to Mr. Pratt's detriment.

191. The retention of this benefit by Taj violates the fundamental principles of justice, equity and good conscience.

192. By excluding Mr. Pratt from the joint venture, Taj retained the benefit of Mr. Pratt's expertise in hotel management and operation, which Mr. Pratt utilized in his nine (9) months of research, to determine that the Freeport Plaza Hotel was a strong investment.

193. As a result, Taj has been unjustly enriched.

194. Given that he was excluded from the joint venture and received no return on his investment, this unjust enrichment was to the detriment of Mr. Pratt, in the amount of One Hundred and Twenty Thousand and 0/100 Dollars ($120,000.00).

195. Therefore, Mr. Pratt is entitled to recover damages.

### c. Taj Has Been Unjustly Enriched in Connection with the Michigan and Ohio Properties.

196. Mr. Pratt and Taj were engaged in a joint venture regarding the management contracts for the properties in Michigan and Ohio.

197. By retaining the benefit of Mr. Pratt's management and operation of the Michigan and Ohio properties, Taj has been unjustly enriched.

198. Mr. Pratt and Taj entered into an agreement regarding the management contracts for the properties in Michigan and Ohio that explicitly defined the purpose of the endeavor.

199. Pursuant to the management contracts, Mr. Pratt contributed to the management and operation of the properties.

200. Mr. Pratt also deferred his monthly salary, in the amount of approximately Ten Thousand and 00/100 Dollars ($10,000.00), pursuant to his joint venture with Taj.

201. Taj subsequently excluded Mr. Pratt from the joint venture.

202. Taj precluded Mr. Pratt from receiving any compensation for his management and operation of the properties.

203. As such, Taj retained a benefit to Mr. Pratt's detriment.

204. The retention of this benefit by Taj violates the fundamental principles of justice, equity and good conscience.

205. By excluding Mr. Pratt from the joint venture, Taj retained the benefit of Mr. Pratt's contribution to the management and operation of the properties.

206. As a result, Taj has been unjustly enriched.

207. Given that he was excluded from the joint venture, received no compensation for his work, and deferred his salary, this unjust enrichment was to the detriment of Mr. Pratt.

208. Therefore, Mr. Pratt is entitled to recover damages.

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court award him damages as a result of Defendants' unjust enrichment.

## COUNT VII – PROMISSORY ESTOPPEL

209. Mr. Pratt re-alleges and reincorporates by reference Paragraphs 1 through 30 of this Complaint as if fully stated herein.

210. Based on the promises of Defendants, Mr. Pratt is entitled to recover under a theory of promissory estoppel.

211. "Promissory estoppel is a doctrine under which a plaintiff may recover without the presence of a contract." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 233 Ill. 2d 46, 906 N.E.2d 520, 329 Ill. Dec. 322 (Ill. 2009).

212. Moreover, "[p]romissory estoppel is a recognized affirmative cause of action in Illinois." *Id.*

213. Promissory estoppel requires that "(1) a defendant made an unambiguous promise to the plaintiff, (2) the plaintiff relied on such promise, (3) the plaintiff's reliance was expected and foreseeable by defendants, and (4) the plaintiff relied on the promise to its detriment." *Id.*

### i. Haazo Wisconsin's Promise in Connection with the Elizabeth Inn.

214. Haazo Wisconsin, by and through its employees, made an unambiguous promise to Mr. Pratt that the profits from the Elizabeth Inn would be equally divided between Mr. Pratt and Haazo Wisconsin.

215. Mr. Pratt reasonably and foreseeably relied upon the representations made by Haazo Wisconsin in regard to its promise to equally divide the profits from the Elizabeth Inn.

216. Haazo Wisconsin's promise was such that it should have reasonably expected it would induce Mr. Pratt to act.

217. Subsequently, Mr. Pratt performed all hands-on renovations of the Elizabeth Inn and performed daily managerial duties while overseeing the renovations and operations of the hotel, ultimately increasing the hotel's value by Five Hundred Thousand and 00/100 Dollars ($500,000.00).

218. In reliance on the promise of Haazo Wisconsin and pursuant to his expectation of future returns from the Elizabeth Inn, Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses.

219. Since November 2013, Haazo Wisconsin has failed to provide Mr. Pratt with his portion of the profits from the Elizabeth Inn.

220. As a result of his reliance on Haazo Wisconsin's promise, Mr. Pratt has been significantly injured.

221. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

**ii. Haazo Illinois' Promise in Connection with the Freeport Plaza Hotel.**

222. Haazo Illinois, by and through its employees, made an unambiguous promise to Mr. Pratt that the parties would equally split the profits of their investment in the Freeport Plaza Hotel.

223. Mr. Pratt reasonably relied on Haazo Illinois' promise regarding the investment in the Freeport Plaza Hotel.

224. Haazo Illinois' promise was such that it should have reasonably expected it would induce Mr. Pratt to act.

225. Mr. Pratt utilized his expertise for nine (9) months to determine that the Freeport Plaza Hotel was a strong investment pursuant to his reliance,.

226. Pursuant to his reliance on his expectation of the future returns from the Freeport Plaza Hotel, Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses.

227. Since November 2013, Haazo Illinois has excluded Mr. Pratt from the profits of their investment in the Freeport Plaza Hotel.

228. Haazo Illinois has precluded Mr. Pratt from receiving the return on his investment in the Freeport Plaza Hotel.

229. Mr. Pratt has been significantly injured as a result of his reliance on Haazo Illinois' promise.

230. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

### iii. Defendants' Promises in Connection with the Michigan and Ohio Property Management Contracts.

231. Defendants, by and through their employees, made an unambiguous promise to Mr. Pratt that both Mr. Pratt and Defendants would take on the management contracts for the properties in Michigan and Ohio.

232. Moreover, Defendants made an unambiguous promise to Mr. Pratt that they would split the profits of the management and operation of the properties in Michigan and Ohio, fifty-percent (50%) to Mr. Pratt and fifty-percent (50%) to Defendants.

233. Mr. Pratt reasonably relied on Defendants' promise regarding the management and operation of the Michigan and Ohio properties.

234. Moreover, the owners of the properties in Michigan and Ohio perceived Mr. Pratt and Defendants as partners in a hotel management venture.

235. Defendants' promise was such that they should have reasonably expected it would induce Mr. Pratt to act.

236. Pursuant to his reliance, Mr. Pratt invested his time and skills in the management and operation of the Michigan and Ohio properties.

237. Pursuant to his reliance on his expectation of the future returns from the Michigan and Ohio properties, Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses.

238. Since November 2013, Defendants have failed to give Mr. Pratt his portion of the profits from the management and operation of the Michigan and Ohio properties.

239. Mr. Pratt has been significantly injured as a result of his reliance on the Defendants' promise.

240. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

### iv. Taj's Promises.

241. Mr. Pratt is entitled to recover under promissory estoppel based on the promises of Taj.

### a. Taj's Promise in Connection with the Elizabeth Inn.

242. Taj made an unambiguous promise to Mr. Pratt that the profits from the Elizabeth Inn would be equally divided between Mr. Pratt and Taj.

243. Mr. Pratt reasonably and foreseeably relied upon the representations made by Taj in regards to his promise to equally divide the profits from the Elizabeth Inn.

244. Taj's promise was such that he should have reasonably expected it would induce Mr. Pratt to act.

245. Mr. Pratt subsequently performed all hands-on renovations of the Elizabeth Inn and performed daily managerial duties while overseeing the renovations and operations of the hotel, ultimately increasing the hotel's value by Five Hundred Thousand and 00/100 Dollars ($500,000.00).

246. Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses, in reliance on the promise of Taj and pursuant to his expectation of future returns from the Elizabeth Inn.

247. Since November 2013, Taj failed to provide Mr. Pratt with his portion of the profits from the Elizabeth Inn.

248. Mr. Pratt has been significantly injured as a result of his reliance on Taj's promise.

249. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

### b. Taj's Promise in Connection with the Freeport Plaza Hotel.

250. Taj made an unambiguous promise to Mr. Pratt that they would equally split the profits of their investment in the Freeport Plaza Hotel.

251. Mr. Pratt reasonably relied on Taj's promise regarding the investment in the Freeport Plaza Hotel.

252. Taj's promise was such that he should have reasonably expected it would induce Mr. Pratt to act.

253. Pursuant to his reliance on Taj's promise, Mr. Pratt utilized his expertise for nine (9) months to determine that the Freeport Plaza Hotel was a strong investment.

254. Pursuant to his reliance on Taj's promise and on his expectation of the future returns from the Freeport Plaza Hotel, Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses.

255. Since November 2013, Taj has excluded Mr. Pratt from the profits of their investment in the Freeport Plaza Hotel.

256. Taj has precluded Mr. Pratt from receiving the return on his investment in the Freeport Plaza Hotel.

257. As a result, Mr. Pratt has been significantly injured as a result of his reliance on Taj's promise.

258. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

### c. Taj's Promise in Connection with the Michigan and Ohio Property Management Contracts.

259. Taj made an unambiguous promise to Mr. Pratt that both Mr. Pratt and Taj would take on the management contracts for the properties in Michigan and Ohio.

260. Taj made an unambiguous promise that he and Mr. Pratt would split the profits of the management and operation of the properties in Michigan and Ohio.

261. Mr. Pratt reasonably relied on Taj's promise regarding the management and operation of the Michigan and Ohio properties.

262. Moreover, the owners of the properties in Michigan and Ohio perceived Mr. Pratt and Taj as partners in a hotel management venture.

263. Taj's promise was such that he should have reasonably expected it would induce Mr. Pratt to act.

264. Pursuant to his reliance, Mr. Pratt invested his time and skills in the management and operation of the Michigan and Ohio properties.

265. Pursuant to his reliance on his expectation of the future returns from the Michigan and Ohio properties, Mr. Pratt also deferred his typical salary of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), plus bonuses.

266. Since November 2013, Taj has failed to provide Mr. Pratt with his portion of the profits from the management and operation of the Michigan and Ohio properties.

267. As a result, Mr. Pratt has been significantly injured as a result of his reliance on Taj's promise.

268. Therefore, Mr. Pratt is entitled to recover under promissory estoppel.

WHEREFORE, Plaintiff, Mr. Pratt, respectfully requests that this Court grant him relief under promissory estoppel, pursuant to his investment in the aforementioned properties based upon the promises of the Defendants.

*[Remainder of page intentionally left blank]*

Date: June 17, 2015

Respectfully submitted,

By:    /s/ Tige C. Johnson
       Tige C. Johnson
       JOHNSON LAW, LLC
       Barrister Hall
       29 South LaSalle Street
       Suite 220
       Chicago, Illinois 60603
       312.456.9300
       Atty No.: 6271255
       JL No.: 2013 PLF 1023

       *Attorney for Plaintiff*
       *Thomas Pratt*

## VERIFICATION

Under penalties as provided by law pursuant to 5/1-109 of the Illinois Code of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the Verified Complaint at Law are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

THOMAS PRATT,

_____

Thomas Pratt

SUBSCRIBED and SWORN TO
Before Me This _11_ Day of _June_ 2015.

Notary Public

My commission expires

Seal:

OFFICIAL SEAL
KIMBERLY A. BARNETT
NOTARY PUBLIC – INDIANA
MORGAN COUNTY
My Comm. Expires 06-24-2015